CHEESBRO *v.* CAMPBELL and Another.

Immediately before a cause in chancery was set down for hearing, the defendant filed the exhibits referred to in his answer, and gave verbal notice that he would prove their execution, *viva voce*, at the hearing. He examined several witnesses at the hearing, without objection, as to the execution of the exhibits. *Held*, that it was too late for the complainant, after such examination, to object to said testimony.

ERROR to the *Huntington* Circuit Court. The bill in this case was dismissed for want of equity.

SMITH, J.—A bill in chancery was filed by *Cheesbro* against *Campbell* and *Woodworth*. The bill of exceptions taken by the complainant shows, that on a certain day of a regular term of the *Huntington* Circuit Court, the cause was by agreement of the parties set down for hearing on the bill, answers, exhibits, and depositions; the defendant *Campbell* having, immediately before the cause was thus set down for hearing, placed the exhibits referred to in his answer on the files of the Court, and given verbal notice that he would, at the hearing of the cause, prove the execution of said exhibits *viva voce*. On the hearing, *Campbell* introduced several witnesses who testified in relation to the handwriting of the complainant *Cheesbro*, for the purpose of proving his signature to two letters and a lease, the exhibits referred to. After the witnesses had been examined, the complainant objected to these writings being read in evidence, but the Court overruled the objection and they were read. This is the only error complained of.

The counsel for the plaintiff in error contend, that the Court below erred in permitting the exhibits to be proved at the time and in the manner, above stated. In *England*, to authorize the proof of exhibits *viva voce* at the hearing, an order for that purpose must be obtained and due notice must be served upon the opposite party. 1 Newl. Ch. Pr. 285.—

*Sandford* v. *Shelby*, 4 Blackf. 134, note. The same rule appears to have been adopted in several of the Courts of this country. *Chandler's Executrix* v. *Hill et al.* 2 Hen. & Munf. 124.—*Crist* v. *Brashiers*, 3 Marsh. 170. In *New York*, it seems that if sufficient notice has been given the opposite party it will do. *Consequa* v. *Fanning*, 2 Johns. C. R. 481. *Barrow* v. *Rhinelander*, 1 *id*. 550. In the last-named case, the Chancellor permitted the execution of a release to be proved at the hearing by a witness in Court, without any previous order or notice, an objection having been made to a deposition taken to prove the same fact on the ground of the deponent being interested; and this though the introduction of the witness was opposed at the time for the reason that no previous notice was given. As no reason was assigned why the party wished for delay, the Chancellor ordered the witness to be sworn.

In the present case, the defendant having given notice before the cause was set down for hearing that he would make such proof, and no objection having been made to its introduction at the time, the complainant must be considered as having waived his objection on the score of irregularity or want of notice. If the notice given by the defendant was not part of the agreement upon which the case was set down for hearing, and the introduction of such testimony took the complainant by surprise, he should have objected to it at the time it was offered. It was too late to do so after the cause had been heard.

It is also said that the proof was not sufficient to make the exhibits evidence. There might be some difference of opinion as to the weight of the evidence adduced, but we think it was sufficient to justify the decision of the Circuit Court upon that point.

*Per Curiam.*—The decree is affirmed with costs.

*D. H. Colerick, J. G. Walpole,* and *H. Cooper,* for the plaintiff.

*W. H. Coombs* and *I. H. Kiersted,* for the defendants.