## Brown *v.* Woodbury and Others.

The mode of presenting for review the admissibility of oral proof of an exhibit, in chancery, is by bill of exceptions.

In a suit in chancery by an assignee for the foreclosure of a mortgage, the defendant, by his answer under oath, denied having any knowledge of the assignment of the mortgage further than what he had learned from the bill. *Held*, that the denial was not such as, under the R. S. 1843, put the plaintiff to the proof of the assignment.

The oath or affirmation in denial of an assignment, should be, that the party has reason to believe, and does verily believe, that such assignment was not made.

The proof of facts pleaded in avoidance lies upon the party alleging them.

ERROR to the *Hamilton* Circuit Court.

STUART, J.—*Woodbury*, *Hope* and others filed their bill in chancery to foreclose certain mortgages given by *Brown* to one *Hall*, and by the latter assigned, &c.

May Term,
1854.

BROWN
v.
WOODBURY.

Monday,
June 12.

The pleadings consist of the bill, answer and replication. No depositions were taken. Decree for the complainants for the amount of the notes, 857 dollars and 90 cents, and that the mortgaged premises be sold, &c.

Two objections are urged against the decree in this Court. But as they do not appear to have been made in the Court below, we are reluctant to notice them, unless from the nature of the case, or the state of the pleadings, we feel constrained to do so. Here there is no default, no special equity. *Brown* appeared, answered, and, it is to be presumed, made such defence as the facts permitted. If he took no exception to the rulings of the Court at the hearing—if he adduced no evidence in support of the matters in avoidance set up in the answer, his objections, in both these particulars, come too late in this Court.

The objections themselves give point to this course of reasoning.

The first objection is that the Court gave a decree without proper evidence of the assignment of the claims by *Hall* to *Woodbury*, *Hope & Co.* The assignment, it is contended, was denied under oath. *Brown's* answer is sworn to. Among other things it contains the following language in relation to the assignment. "This defendant further answering admits that he gave said *James Hall* two mortgages on the property described in the bill, to secure the said several sums of money in the promissory notes specified. But this defendant denies having any knowledge of the assignment of said note and mortgage by said *Hall* to said complainant, further than what he has learned from the bill," &c.

To the objection predicated on this denial, two very conclusive answers readily suggest themselves.

1. Admitting the sufficiency of the denial, there is no objection in the record that the exhibit containing the assignment was read in evidence without proof of its execution.

That proof might have been oral. If such evidence were offered and received over the objection of *Brown*, the proper way of presenting the question for review in this Court, seems to be by bill of exceptions as in a case at law. Oral evidence of exhibits does not become a part of the record in chancery any more than at law, unless made so in the legitimate mode. So that as the record stands, the proof of the assignment at the hearing will be presumed to have been made without objection from *Brown*, or that his objection was not interposed at the proper time. 8 Blackf. 401.

2. But does the answer sufficiently deny the assignment, so as to put the complainant upon the proof of it? We think not. *Brown* simply "denies having any knowledge of the assignment." He does not deny its being made. His "knowledge of the assignment" was not essential to its validity. Nor did his denial of such knowledge put the validity of the assignment in issue. It was wholly immaterial whether he knew it or not. If he meant to put the plaintiff to the proof of the assignment, he should have denied the fact under oath. Allowing to the answer in chancery the same force as to a plea of non-assignment, the defendant has not brought himself within ss. 216 and 217, R. S. 1843, p. 711. The oath or affirmation, in such case, should be, that the party has reason to believe, and does verily believe, that such assignment was not made, &c.

The second objection is equally untenable. *Brown* set up in avoidance as to part certain matters of payment. If they were not allowed by the Court, we must presume that the ruling was correct, for it does not appear that the defendant offered any evidence in their support. He has, therefore, nothing to complain of. The proof of all facts in avoidance lies upon the party alleging them.

But in looking over the exhibits it appears that in point of fact he has been allowed all the credits claimed. The decree is less than the face of the papers would authorize, by the exact sum set up in the answer.

*Per Curiam.*—The decree is affirmed, with 10 per cent. damages and costs.

D. *Moss* and R. L. *Walpole*, for the plaintiff.

H. C. *Newcomb*, for the defendants.