## WATSON v. VAN METER.

1. **Evidence:** MATERIALITY: DAMAGES. In an action for damages for the raising of a dam, whereby it was alleged that the healthfulness of the plaintiff's property was impaired, evidence showing its comparative healthfulness before and after the act complained of was alone material to the issue.

2. **Damages:** AD QUOD DAMNUM: MILL-DAM. A proceeding under section 1201 of the Code, by which the owner of a dam has acquired a license to raise the same, may be pleaded in bar of an action for damages for injuries subsequently arising from the raising of the dam, although the jury allowed no damages in the proceeding under which the license was obtained.

3. ———: ———: ———. For injuries occurring before such proceeding, the owner of the land which suffers the injury is entitled to at least nominal damages.

4. ———: NEW TRIAL. An omission to assess nominal damages upon a mere technical right to recover is not ground for granting a new trial, if the recovery of such damages is not necessary for the establishment of a permanent right.

### Appeal from Dallas District Court.

### WEDNESDAY, APRIL 19.

THE plaintiff, Ellen Watson, is the owner of certain land on Raccoon river, in the county of Dallas. The defendant, J. R. Van Meter, about April 23d, 1870, or prior thereto, erected a mill dam on said river below said land, whereby the river as it flows through said land was raised in low water, but not when the water was at its highest stage. The plaintiff claims that, at certain stages of water, a portion of her land is overflowed by reason of the dam. This the defendant denies. Further facts will appear in the opinion. Verdict for the defendant. Plaintiff appeals.

*Willard, Callvert & Macy*, for appellant.

*Wright, Gatch & Wright*, for appellee.

ADAMS, J. I. Evidence was introduced showing that, during the progress of the trial, the river rose suddenly about three feet. The plaintiff offered to show that a portion of the land was covered by that rise, to which the defendant objected and the objection was sustained. The appellant claims that the testimony was admissible.

This testimony was offered by plaintiff by way of rebuttal. It is claimed by her that the defendant introduced evidence to show that on the day previous to the rise, the banks along her land were everywhere more than three feet higher than the water. She contends that proof that a rise of three feet overflowed her land would rebut such evidence. To this we have to say that we do not find such evidence. It is indeed shown that several measurements were made, and that the banks wherever measured were more than three feet high, but the evidence did not show that there might not have been places where the banks were less than three feet high.

II. The petition avers that the dam has impaired the healthfulness of that locality. On this point the defendant 1. EVIDENCE: introduced as witnesses two physicians, who testi- materiality: damages. fied that they had practiced in the neighborhood both before and after the dam was built, and had seen no indications that the dam had impaired its healthfulness. To rebut this evidence the plaintiff introduced a witness, and offered to prove by him that he lived near the land in question, and that his family had been sick every fall with fever and ague. The defendant objected to the testimony, and the court sustained the objection. This testimony was not material. It did not tend to show how the healthfulness of the locality before the dam was built, compared with its healthfulness afterwards, which was the only legitimate point of inquiry. That there were malarious diseases on the river was not denied. On the other hand, the evidence shows that it was a malarious region, and had been for many years.

III. The defendant offered in evidence the pleadings, and 2. DAMAGES: records in a proceeding in the Circuit Court of ad quod dam- Dallas county, to which this plaintiff was a party, num: mill dam. whereby defendant obtained a license April 23d,

1874, to raise his dam to the height of seven feet. The plaintiff objected to their introduction, but the objection was overruled.

In the said proceedings the jury found that the land in question would be affected by the raising of the dam, but allowed no damages. Sec. 1201 of the Code provides as follows: "No proceedings under this chapter (of mill dams and races), shall bar an action which could have been maintained if this chapter had not been enacted, unless the prosecution or action was actually foreseen and estimated upon the inquest."

It is now very ingeniously contended by the appellant that the proceeding in the Circuit Court, did not bar any action which the plaintiff has. It did not, of course, bar any action the cause of which accrued before the proceeding, as it is the duty of the jury to estimate nothing but prospective damage; and the appellant claims that it did not bar any action, the cause of which has arisen since the proceeding, because the jury foresaw none, as is shown, it is said, by the fact that they allowed no damages, and so it is contended that, as the proceeding barred nothing, the court erred in allowing evidence of it to be introduced. But the language of the statute is peculiar. It does not provide that no action shall be barred unless the *cause* of action was foreseen, but that no action shall be barred unless the *action* was foreseen. The jury found that the plaintiff's land would be affected. Hence they might have foreseen an action, and yet honestly have believed that the plaintiff would in fact suffer no damage. If such was their view, and we must presume it was, the record was rightly introduced. They foresaw that the river would be deepened on the plaintiff's land. They foresaw whatever overflow, if any, would necessarily result therefrom. They might have been in error in finding that the plaintiff would not be damaged thereby, yet the action for such damage, although the jury allowed nothing, when they should, perhaps, have allowed something, would not the less effectually be barred.

It is said, however, that the statute provides that no action shall be barred by the proceeding unless foreseen and *esti-mated*, and it is contended that, even if this action was fore-

seen by the jury it was not *estimated*, because no damages were allowed. Where a fact is considered upon the inquest, which·is afterwards made the ground of an action, and it is found that no damages will result from the fact, we think it proper to say that the action is *estimated* within the meaning of the statute.

IV. The court below gave the following instruction: " 4. If you find from the evidence that the stream on which the defendant's dam is built and maintained, runs over or through the plaintiff's land, and that before the 23d day of April, 1874, (the time of the inquest), the dam caused the water in the stream to flow back upon or over her land, or obstructed the natural flow of the water in the stream over and through her land, you will find for her and assess her damages at a nominal amount at least."

Under this instruction (which we will assume to be the law), and the undisputed facts, the jury should have allowed damages at a nominal amount at least. But the court below ·refused a new trial, and the question is now presented whether such refusal is reversible error.

In *The State for the use of Tillotson v. Miller et al.*, 5 Blackford, 381, a constable was sued on his bond for an escape. On the trial it appeared that the debt for which the judgment was obtained had, after the commencement of the suit, been paid by a surety of the debtor. The jury allowed no damages, and the plaintiff moved for a new trial. It was held that " if his right to nominal damages be granted, the omission to assess damages when substantial justice has been done is no cause for a new trial."

In *Hudspath v. Allen et al.*, 26 Ind., 167, the court said: " An omission to assess nominal damages, where there is a mere technical right to recover, is no ground for a new trial,"· citing *Jennings v. Loring*, 5 Ind., 256. The same doctrine is held in *Johnson v. Weedman*, 4 Scammon, 497. It is true that if the plaintiff is entitled to nominal damages for the purpose of establishing a permanent right, and the jury fail to assess such damages, a new trial should be granted. *Plumleigh v. Dawson*, 1 Gilman, 552. The appellant's counsel claim that

the nominal damages to which she is entitled are necessary to the determination of a question of permanent right. They say that by an undisputed user for ten years appellee would obtain an easement, and that judgment for nominal damages is one of the ways pointed out by law by which appellant can dispute such user, and prevent the same from ripening into an easement. This position would be well taken if the defendant, by his proceeding in the Circuit Court of April, 1874, did not obtain an easement; but we have already held that, notwithstanding the jury in that proceeding allowed this plaintiff no damages, the defendant did obtain an easement.

As we discover no error in the rulings of the court below, the case must be

AFFIRMED.