HENRY FREUDENSTEIN, Appellant, *v.* JOSEPH HEINE, Respondent.

December 3, 1878.

1. In an action in the nature of a trespass on the case for a private nuisance, it is not essential to a recovery that the plaintiff prove actual damage, but he may recover by establishing the violation of the legal right.

2. One cannot, while erecting a building on his own ground, so use his own property as to needlessly cause injury to his neighbor; and an instruction that plaintiff cannot recover for any injury caused by the defendant while constructing his improvements is erroneous.

3. In an action for nuisance, plaintiff can recover only such damages as had accrued prior to the bringing of the suit.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

RUDOLPH SCHULENBURG, for appellant: In an action for a nuisance, plaintiff may recover for a depreciation of the rents and for loss of tenants caused by such nuisance. — *Seely* v. *Alden*, 61 Pa. St. 302; *McKeon* v. *Lee*, 4 Robt.; *Aldridge* v. *Stuyvesant*, 1 Hall, 216; *Smith* v. *McCarthy*, 11 Mo. 518. Where one so uses his own land as to cause injury to that of another, he is answerable in damages. — *Lambert* v. *Besey*, 1 Raym. 421; *Tenant* v. *Goldwin*, 2 Raym. 1089; *Sutton* v. *Clarke*, 6 Taun. 44; *Fletcher* v. *Rylands*, L. R. 1 Exch. 280; *Bentz* v. *Armstrong*, 8 Watts & S. 40; *Hayton* v. *Hudson*, 27 Wis. 656; *Livingston* v. *McDonald*, 21 Iowa, 160.

FISHER & ROWELL, for respondent: Even though there was error, the complaint, evidence, and instructions show that plaintiff could recover but nominal damages; and in such a case the court will not reverse. — *Jenney* v. *Delesdernier*, 20 Me. 183; *Goll* v. *Ives*, 29 Conn. 123; *Coake* v. *Barker*, 39 Conn. 296; *Briggs* v. *Moore*, 42 Conn. 258; *The State* v. *Miller*, 5 Blackf. 381; *Patton* v. *Hamilton*, 12 Ind. 256; *Wilson* v. *Van Peters*, 43 Iowa, 76; *Johnson*

v. *Weedman*, 4 Scam. 495 ; *Comstock* v. *Brasseau*, 65 Ills. 391 ; *Rordell* v. *Butler*, 10 Wend. 119.

HAYDEN, J., delivered the opinion of the court.

This is an action brought originally before a justice of the peace and appealed to the court below. The parties were owners of adjoining lots upon Laclede Avenue in the city of St. Louis. The complaint states that the defendant, " about the fall of the year 1871, *   *   *   changed the surface of his said lot of ground by raising and filling up the same over and above its original and natural grade and level,   *   *,   *   and in an inclined grade towards the lot " of the plaintiff ; that by reason and in consequence of such filling up and raising, and ever since, the waste water and rain accumulating upon the defendant's lot has run upon the plaintiff's lot and injured it, caused damage to his buildings, rendered his rooms damp and unfit for habitation, and created a nuisance. There was evidence tending to support these allegations. It appeared that the defendant built a gutter to carry this surface and waste water into an alley bounding both lots in the rear. On his part, the defendant contended that the water did not flow from his premises to the plaintiff's lot, but that, the latter being below grade, the water, as it was carried from defendant's lot by a sufficient gutter, ran into the alley, and thence, if at all, upon the plaintiff's premises. There was also evidence tending to show that, in removing a stable upon his lot, the plaintiff so injured the gutter as to cause the water from it to flow upon his own premises. The judgment was for the defendant.

This action is in the nature of trespass on the case for a private nuisance. The testimony of the plaintiff tended to show that it was the act of the defendant in raising the level of the land in the back part of his lot that, as often as a heavy rain fell, caused the overflow. The defendant, as the issue shows, denied that there was any nuisance, and

contended that if the water had overflowed the plaintiff's premises the overflow was caused by the plaintiff's own act. On this issue the jury may have found for the defendant; but we cannot assume they did, as they were not properly instructed in regard to the basis of recovery in an action for damage from private nuisance. It is well settled that in cases of this kind it is not essential to a recovery that the plaintiff should prove actual damage. He may, and it is often important to him, where his legal right has been violated, that he should, establish that legal right, though he has suffered no substantial injury. "When we look at the nature of most of the private nuisances spoken of in the books," said Judge Napton, delivering the opinion of the court in *Smith* v. *McConathy*, 11 Mo. 517, "we cannot fail to perceive the propriety of allowing a recovery upon mere proof of the existence of the nuisance. * * * In fact, damages are not usually the object of such suits. The principal object is to establish the fact of nuisance, so that a second suit may recover more substantial damages if the nuisance be continued, or the verdict and judgment in the first suit may be the foundation of proceedings to abate the nuisance." *Tootle* v. *Clifton*, 22 Ohio St. 247; *Watson* v. *Van Meter*, 43 Iowa, 76; Wood on Nuisances, sect. 767.

The court below refused to instruct that if the jury found for the plaintiff they should assess nominal damages, and in addition thereto such special damages, not exceeding $100, as the jury might find from the evidence the plaintiff had sustained by reason of the acts of the defendant, and gave no instruction as to nominal damages. An instruction was given to the effect that if the jury found for the plaintiff, they could only find the actual damages proved to have been sustained by him, etc.; and another, that the plaintiff could "only recover for injury (if the jury finds from the evidence that there is any such injury) to the ground or house of the plaintiff, or to his, plaintiff's, own and actual

occupancy of his house, or of part of the same." These instructions are intended to refer merely to the measure of damages, and, upon the evidence, were not incorrect. But no instruction was given as to nominal damages, and these last instructions have thus the effect of limiting the plaintiff's right of recovery itself. Owing to the action of the court below in respect to these two instructions, the appellant may have been deprived of a verdict for nominal damages. The jury may have understood the instructions as referring to the right of recovery; but at all events the appellant was entitled to a correct expression of the law in regard to his right to a verdict, apart from the question of actual damages.

The court instructed that the appellant could not recover for any injury to his premises while the defendant was constructing his house and improvements. We are unable to see how this instruction can be justified. If it is admitted that while building is going on, and for temporary purposes, a person improving his property may lawfully do what he could not continue to do after his improvements were finished, it would by no means follow that so long as the defendant chose to keep his operations unfinished he could make any use of his property, however unwarrantable and however injurious to his neighbor. It cannot be assumed that there is any necessity that a person who is excavating or building should cause water from his premises to flow into the rooms and cellar of an adjoining proprietor. The owner of a city lot is not, indeed, obliged to keep his ground at its natural or former level, and may turn back upon an adjoining lot water the natural inclination of which would be to run down upon his own lot. *Bentz* v. *Armstrong*, 8 Watts & S. 40. But the right of the owner of a city lot to adjust the surface of his ground to suit his convenience is governed by the general principle that a person must not make such an unwarrantable use of his own rights as to seriously obstruct those of his neighbor. The necessity of building is great, but no greater than the carrying on of many trades

which tend to interfere with the comfort of those in whose vicinity they are carried on. Here, however, no difficult. question appears to arise upon the evidence ; since it seems that when the defendant began to improve his lot, he took earth from the front or basement part and placed it in the rear, and there allowed it to permanently remain, or at least a sufficient portion of it to cause the overflow. If this was the fact, it is not material that he afterwards graded and paved his yard. In his complaint the plaintiff uses the word " grade ;" but this cannot bar him from recovering for the period prior to the completion of the improvements. The question is as to the act, not as to the name given to it ; and the portions of the complaint set out above, show the ground of the action.

The court properly refused to instruct the jury that if, in consequence of the defendant's grading, the water flowed upon the plaintiff's lot, rendering the occupation of the premises unhealthy, etc., and any of the tenants removed, and the actual rental value of the premises was thereby lessened, the jury should find for the plaintiff. There was no evidence tending to show that the rental value was lessened ; and this could not be left to conjecture. The appellant was entitled to recover only such damages as had accrued prior to the bringing of the suit (*Pinney* v. *Berry*, 61 Mo. 359 ; Sedgw. Ld. Cas. on Dam. 662, note), and it was incumbent on him to show that in consequence of the nuisance there was a loss of rent either through failure to lease or diminution in the amount of rent. *Francis* v. *Schoellkopf*, 53 N. Y. 152. See *Call* v. *Allen*, 1 Allen, 138, 144 ; *Wesson* v. *Iron Co.*, 13 Allen, 100.

As the appellant himself occupied a part of the premises, he was entitled, so far, to recover for injury to the use and occupation ; yet though entitled to recover in both capacities, of course he could not thus recover a double compensation for the same loss. *Seeley* v. *Alden*, 61 Pa. St. 305.

The judgment is reversed and the cause remanded. All the judges concur.