## THE STATE INS. CO. v. RICHMOND.

1. **Fire Insurance**: LIABILITY OF AGENT FOR NEGLECT OF DUTY: DAMAGES. An insurance company cannot recover more than nominal damages of its agent, through whose fault, while acting in good faith, it is drawn into a contract of insurance somewhat different from what it supposes it to be, but not less valuable to it; the risk actually taken being such as the company is accustomed to accept. So *held*, where the application falsely represented the insured premises to be an occupied hotel building, when in fact the agent knew it to be unoccupied at the time, but did not communicate that knowledge to the company, but the rate paid was greater than that charged for similar unoccupied hotel buildings, and the building was burned before occupancy, and plaintiff, being charged with the agent's knowledge, was obliged to pay the loss. In such case, even if the premium received had been less than that charged for the risk actually taken, the agent would have been liable only for the difference, and not for the amount paid by the company in adjusting the loss.

2. **Practice on Appeal**: REVERSAL FOR NOMINAL DAMAGES. This court will not reverse a judgment and remand a case for the purpose of allowing the appellant to recover merely nominal damages. (*Watson v. VanMeter*, 43 Iowa, 76 followed.)

*Appeal from Kossuth District Court.*

FRIDAY, MARCH 18.

THIS action is brought by a principal against its agent, to recover damages alleged to have been sustained by reason of neglect of duty by the agent. The plaintiff demurred to the fourth division of the defendant's answer. The court overruled the demurrer. The plaintiff elected to stand upon its demurrer, and judgment was rendered against it for costs. The plaintiff appeals.

*Cummins & Wright*, for appellant.

*J. C. Cook* and *J. H. Call*, for appellee.

ADAMS, CH. J.—The defendant was the plaintiff's soliciting agent in Kossuth county. As such he solicited and obtained from one Jordan an application for insurance upon

a building erected for a hotel, but not quite completed. At the date of application and issuance of the policy, the build ing was not occupied as a hotel, but it was expected that it would be in a short time. In the application, however, the building was described as occupied as a hotel. The defend- ant knew the facts, but did not inform the plaintiff, and the policy was issued, as may be presumed, in reliance upon the statements as contained in the application.. Before the build- ing became occupied as a hotel, it was destroyed by fire. Action was brought upon the policy. The company set up as a defense the false statement in the application; but the defense proved unavailing because of the agent's knowledge that the building was not occupied as a hotel, and the insured was allowed to recover. This action is brought to recover of the agent the amount which the plaintiff was compelled to pay on the policy.

The division of the answer demurred to is as follows: "And as and for a separate and distinct, full and complete defense, defendant says that when the policy was sent by the plaintiff to the defendant it was with instructions to deliver the same to Jordan, and collect the premium; that while it is true that at the time the building was not occupied as a hotel, with sleeping rooms in the second and third stories, and was then in an unfinished condition or completion, pre- paratory to being soon occupied, and was not occupied by a tenant, and it was also true that there were no stoves in the building, and no kerosene was used for lights, nor were any lights of any kind used, and no coal or other fuel was used for fire, nor were any fires therein used, and there was in fact no furniture therein, all of which in a general way the defendant knew and did not communicate to the plaintiff,— yet he avers and says that each and all of said several matters were wholly immaterial, and none of them in any manner or degree increased the risk or hazard or danger; that in truth and in fact the absence of such matter only decreased the risk, hazard and danger; that the matters and conditions

aforesaid, and the true condition of said building, was less hazardous than as represented in the application and policy; that the regular premium which plaintiff, and insurance companies generally, would have charged for insuring said building in its true condition was less than had it been as represented and described in the application for insurance, and that plaintiff would have taken the risk at the same rate had defendant informed it to the fullest extent of his knowledge; that defendant had no instructions or directions except as contained in a written appointment and bond set out and attached to the petition, and in the entire matter acted in good faith and without any fraudulent intent; and defendant says that he has at all times duly performed his duties as such agent of plaintiff, except as herein set forth, which defendant insists is and was neither a violation of his contract with plaintiff, nor any instruction."

In the argument of the appellant's counsel, considerable is said which has nothing to do with the question as to whether the appellant's demurrer to the appellee's answer ought to have been sustained. The appellant's counsel say that "the conduct of the agent was as flagitious as can be conceived." But the answer demurred to contains an averment that "the defendant in the entire matter acted in good faith, and without any fraudulent intent;" and this must be taken as true, unless there are other admitted facts which show otherwise, and we do not see any. The application should, of course, have contained a statement that the building was soon to be occupied as a hotel; but if the agent had reason to suppose that it would be thus occupied before the policy would be issued, or so soon thereafter as to make no material difference, his conduct might be attributed to a misconception of his duty rather than a fraudulent intent; and, if it *might be* thus attributed, then we are bound to take the averment of the answer as true.

Considerable is said in the argument of appellant's counsel about the appellant being drawn wrongfully into an insur-

ance of a carpenter's risk; but there is no good reason for this. It is true that it is averred in the petition that the building was in process of construction, and it appears to be admitted that the building was in an unfinished condition, but to what extent does not appear, and we can easily conceive of things remaining to be done which would manifestly involve no additional hazard. Besides, it is not material to the question before us that the building was unfinished, even if something remained to be done which involved additional hazard. There was no statement in the application that the building was finished, nor warranty in the policy to that effect, nor is it. claimed in the appellant's petition that the appellant was precluded from a successful defense predicated upon such ground. The building might have been occupied as a hotel, and warmed and lighted as represented, without being entirely finished; and, if it had been done, there would have been nothing to complain of.

The untrue statements in the application, which the appellant sets up as a defense against the insured, and which it now sets up as ground for recovery against the appellee, are three in number, and are as follows: That the building was occupied as a hotel; that kerosene was used for light, and that coal was used for fuel. The facts, as shown by the pleadings, are that the building was not occupied at all, and that it was not lighted nor warmed in any way. There is no pretense, so far as the pleadings show, that the unfinished condition of the building has any materiality. This fact is made to do service nowhere except in the argument of appellant's counsel.

We have said this much for the purpose of eliminating extraneous matters. We may go a little further, and say that we do not understand the appellant as seriously complaining of the absence of kerosene or fire in the building. We are virtually, we think, reduced to the complaint that the building was not occupied as a hotel. How precisely it was occupied we do not know, nor is it material to inquire. The

case before us, then, is this:    The appellant, through a misconception by its agent of his duty while acting in good faith, (as the answer avers,) was drawn into the insurance of a building at a rate of premium fixed for the insurance of a building occupied as a hotel, which in fact had not commenced to be thus occupied, but was expected to be soon, and the agent knew it was not yet occupied in that way. The property was burned before occupancy.    The company retained the premium, viz., $80, paid the loss, viz., $3,000 and some interest, and sues its agent to recover of him the whole amount paid.    The actual risk was not greater than it was represented to the company to be when it issued the policy, and the premium received and retained was greater than the premium charged for an unoccupied hotel building with neither lights nor fires in it.    We state these as the facts, because, upon the question raised by the demurrer to the answer, they must be assumed to be true.

The legal question presented is as to whether an insurance company can recover damages of its agent through whose fault, while acting in good faith, it is drawn into a contract of insurance somewhat different from what it supposed it to be, but not less valuable to it.    In answer, we have to say that we do do not think it entitled to recover substantial damages.    Whether it should be allowed nominal damages we need not determine, because, if we should conclude that it might, we could not reverse for the mere purpose of allowing such recovery.    *Watson v. Van Meter*, 43 Iowa, 76.

We are not prepared to say that the insurance of an unoccupied building is not in fact regarded by insurance men as involving a greater risk than the insurance of an occupied building, even though it be occupied as a hotel, and is three stories high, and lighted with kerosene lamps; but, for the purpose of this case, it must be assumed to be the reverse. The case, then, is not different from what it would have been if the false statement relied upon had been simply that the building was lighted with kerosene lamps, when in fact

it was lighted with candles or gas, or that coal was used for fuel, when in fact it was heated by steam transmitted from other premises. It is possible that in such case, if the condition had been warranted, there would have been a breach of warranty; but there would have been no ground for recovery of more than nominal damages against the agent.

It is a very important consideration that the company was not drawn into a contract of insurance against a risk which it does not insure against. There is no pretense that the insurance of unoccupied buildings is not a part of the business of the company upon which it makes its profits. It is a matter of common knowledge that insurance companies do such business, and the fair inference from the pleadings in this case is that the appellant did such business, charging such rates as are usual for such risks, or as it deemed proper. It is a question, then, of rates, and nothing more, so far as any question of substantial damages is concerned. The appellant received $80 as a premium on a policy of $4,000, and on the supposition, formed from the broad experience of insurance companies generally, that less than one in fifty of such risks would result in loss. According to the averment of the answer demurred to, the risk was actually less than the company was paid for. If it had had enough such risks it would have made more than its usual profits. This is not a mere matter of uncertainty and speculation. While there is nothing more uncertain than whether a given building will be destroyed by fire or not within the life of a given policy, the average of losses is such that the business of insurance is, we believe, regarded as about as reliable as most others. At all events, premiums are charged upon the theory that they can be relied upon, and the business be safely done. We are justified, then, in saying that, upon a question of damages for the fault of an agent, it is a question of rates, in any matter which is covered by the company's rates. The cases cited by the appellee (*McDermid v. Cotton*, 2 Bradw., 297, and *Davis v. Garrett*, 6 Bing., 716) involve a different principle

If a merchant's clerk should sell goods on credit, which he is employed to sell in that way, and to a person to whom he might properly sell, but for a price less than he was expressly required to obtain, the measure of the merchant's recovery against the clerk in an action for damages would unquestionably not be greater than the difference between the two prices, and that, too, even if the buyer should become insolvent, and not pay anything. If, on the other hand, the clerk should sell property of his employer of a kind which he was not employed to sell at all, he probably would be held responsible for the whole value. A principle would be involved not very unlike that in the cases cited.

Having, then, reached the conclusion that the risk assumed was within the appellant's business, and that it is only a question of rates, the appellant should have shown, before it could recover more than nominal damages, that it was damaged in the matter of rates. With this view, the judgment must be

AFFIRMED.