## STUART v. TROTTER BROS. *et al.*

1. **Execution:** LEVY: DELIVERY BOND: REPLEVIN BY DEFENDANT: JUDGMENT FOR SHERIFF: DAMAGES ON BOND. A sheriff levied an execution in favor of plaintiff on certain property of defendants, but they gave a bond for the delivery of the property. Afterwards they brought actions against the sheriff for the title of the property, but were defeated, and the sheriff recovered judgment for the value of the property, which judgment was paid, and the money paid to plaintiff; but it was not sufficient to satisfy plaintiff's judgment. In an action by plaintiff on the delivery bond, *held* that he was entitled to recover only nominal damages.

2. **Appeal:** REVERSAL FOR NOMINAL DAMAGES. This court will not reverse and remand a cause for the mere error of refusing to give the appellant judgment for nominal damages.

*Appeal from Guthrie District Court.*—HON. A. W. WILKINSON, Judge.

ACTION at law; trial to the court; finding of facts, and judgment for the defendants. The plaintiff appeals.

*Charles S. Fogg*, for appellant.

*Applegate & Brown*, for appellees.

SEEVERS, C. J.—There was placed in the hands of the sheriff an execution in favor of the plaintiff, and.

Stuart v. Trotter Bros.

1. EXECUTION:
levy: delivery
bond: replevin
by defendant:
judgment for
sheriff: dam-
ages on bond.

against the defendants Trotter Bros. By virtue thereof the sheriff levied upon certain personal property, and thereupon the defendants executed to him an obligation or bond by the terms of which the defendants agreed to deliver to him certain specified property, which had been levied upon on the twenty-fourth day of September, 1886. This they failed to do, and the plaintiff seeks to recover in this action such damages as he has sustained. The validity of this bond is not questioned by counsel. After the execution of the bond, and prior to the day of delivery, actions were commenced against the sheriff to recover possession of the property the defendants had agreed to deliver to him. The sheriff appeared in said actions, and successfully defended the same, and he became entitled to judgments for the return of the property, or the value thereof at his election. He elected to take the latter, and such judgments have been collected and the money paid to the plaintiff, but the same failed to satisfy his judgments against Trotter Bros. Such being the material facts, appellant insists that the court erred in rendering judgment for the defendants, for the reason that there has been a breach of the conditions of the bond, and therefore the plaintiff is entitled to recover; and it will be conceded that the claimed proposition is correct; that is, because there has been a technical breach, he is entitled to recover nominal damages. But that certainly is the extent of the recovery. The bond was given to the sheriff. He defended the actions brought to recover the property, and elected to take judgments for the value thereof. The plaintiff is bound by what the sheriff did. His recovery cannot exceed the sheriff's if he had brought this action. Suppose the sheriff had elected to take the property, instead of a money judgment, could he have recovered as damages on the bond the value of the property? Clearly not. In an action on the bond he probably would be entitled to such damages as he had sustained, but this right would be measured by the value of the property. Upon the record

2. APPEAL:
reversal for
nominal dam-
ages.
before us the plaintiff cannot recover more than nominal damages ; and for such error, conceding it to be one, we will not reverse the judgment and grant a new trial, unless it is necessary to do so to establish a permanent right. *Watson v. Van Meter*, 43 Iowa, 76.

AFFIRMED.